# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **DEAN WILLIAM LOY** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-00337** |
| | ) | **Judge Crenshaw/Frensley** |
| **JOSHUA C. TURNBOW,** | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Pending before the Court are two (2) identical motions to terminate conservatorship filed by the pro se Plaintiff in this matter. Docket Nos. 39 and 43. In these motions, the Plaintiff asks that the Court terminate conservatorship orders entered in the Stewart County, Tennessee Chancery Court in 2024. Docket No. 43. Plaintiff further asks that this Court designate him as the sole conservator in the underlying matter in Stewart County. Docket Nos. 39 and 43. Because the Court lacks jurisdiction to adjudicate these claims under the *Rooker-Feldman Doctrine*, the motions (Docket Nos. 39 and 43) must be **DENIED**.

As a threshold matter, this Court lacks subject matter jurisdiction to overturn a state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (collectively known as the *Rooker-Feldman* doctrine, which essentially states that, because appellate review of state judgments is vested in the Supreme Court, it follows that such review cannot be done by lower federal courts.)

The Supreme Court has clarified the applicability of the *Rooker-Feldman* doctrine, stating:

> The *Rooker-Feldman* doctrine ... is confined to cases of the kind from which the doctrine acquired its name: cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005).

Disposition of the federal action, once the state court adjudication is complete, is governed by preclusion law. *Id.* at 293. This is true regardless of whether the party challenges the validity of the state court judgment on constitutional grounds. *Lawrence v. Welch*, 531 F. 3d 364, 369 (6th Cir. 2008).

The Sixth Circuit has discussed the kind of injuries the doctrine precludes from review, stating:

> The inquiry then is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*McCormick v. Braverman*, 451 F. 3d 382, 394-95 (6th Cir. 2006). *See also, Lawrence,* 531 F. 3d at 368.

Where the source of the injury is both a state court decision and third-party actions, the Sixth Circuit instructs a determination to be made regarding whether the injury is "inextricably intertwined" with the state court decision; if it is, then the *Rooker-Feldman* applies. *McCormick*, 451 F. 3d at 395. An injury is "inextricably intertwined" with the state court decision when "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Peterson Novelties, Inc. v. City of Berkeley*, 305 F. 386, 391 (6th Cir. 2002). "The test is whether the Plaintiff's injury stems from the state court judgment, not whether the claims are identical." *RLR Investments, LLC v City of Pidgeon Forge, Tennessee,* 4 F. 4th 380, 388 (6th Cir. 2021).

Here, the Plaintiff requests that the Court terminate conservatorship orders entered in the Stewart County, Tennessee Chancery Court in 2024. Docket No. 43. Plaintiff further asks that this Court designate him as the sole conservator in the underlying matter in Stewart County. Docket No. 39. There is no question that through these motions, the Plaintiff is asking this Court to review and overturn rulings from the state court. *See, RLR Investments,* 4 F. 4th at 388. Clearly, the

2

Plaintiff would only prevail on any claims brought in this action if the state court were wrong so those orders, he seeks to void through the instant motions are clearly the source of the injury. *Id.* As a result, this Court lacks subject matter jurisdiction to order the remedies sought by the Plaintiff's instant motions.

For the reasons set forth herein, Plaintiff's motions to terminate conservatorship filed by the pro se Plaintiff in this matter ( Docket Nos. 39 and 43) are **DENIED**.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

3